George F. Allen   SBN 145357
1903 21st Street
Sacramento, CA 95811
916/444-8765
*looga@looga.com*

Attorney for Plaintiff Mahmoud Saqqa

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHMOUD SAQQA<br><br>            Plaintiff,<br>    vs.<br><br>SAN JOAQUIN COUNTY; KRIS BALAJI; DOES 1 to 50,<br><br>            Defendants. | Case No.<br><br>COMPLAINT<br>(42 U.S.C. § 1981;<br>FAIR EMPLOYMENT & HOUSING ACT)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Mahmoud Saqqa is informed and believes, and alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff is an adult, a citizen of California, and a resident of Sacramento County. Defendant San Joaquin County ("SJCO") is a local government agency in the State of California. Defendant Kris Balaji is an adult, a citizen of California, and a current or former employee of SJCO.

2. This Court has jurisdiction over the First and Second Causes of Action under 28 U.S.C. §1331, as the causes of action arise under a Federal statute. This Court has supplemental jurisdiction over the Third Cause of action under 28 U.S.C. §1367.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because the events complained of occurred in this District.

## GENERAL FACTUAL ALLEGATIONS

4. Plaintiff Mahmoud Saqqa, at all relevant times, was an adult resident of Sacramento County, California, and an employee of Defendant SJCO in Stockton, California.

5. Defendant Kris Balaji, at all relevant times, was an adult resident of California, and an employee of Defendant SJCO in Stockton, California.

6. The true names and capacities of Defendants DOES 1 through 50 are unknown to Plaintiff, who, therefore, sues these DOES by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible to Plaintiff in some manner for the matters described in this Complaint.

7. At all times described in this Complaint, and in all the matters alleged, Defendants, and each of them, were the agents or employees of each of the remaining Defendants, and were at all times acting within the scope of that agency or employment, and each Defendant has ratified the acts of his/her/its co-Defendants.

8. As a direct and proximate result of Defendants' conduct as described herein, Plaintiff has suffered loss of income, emotional harm, and other foreseeable damages..

9. Defendants acted as described in this Complaint in knowing violation and/or conscious disregard of Plaintiff's rights, and/or with the intent to injure Plaintiff.

10. Plaintiff made a timely complaint to the California Department of Fair Employment & Housing, and received a Right To Sue letter within one year of the filing of this Complaint.

**FIRST CAUSE OF ACTION**
**DENIAL OF PROMOTION**
(42 U.S.C. § 1981*)*
(Against All Defendants)

11. Plaintiff incorporates the allegations of paragraphs 1 through 10 as if fully set forth herein.

12. Plaintiff was employed by SJCO for 31 years, until his constructive termination in 2019, as alleged further *infra*. Plaintiff is an Engineer. At the time of constructive termination he was employed as an Senior Civil Engineer in the Public Works Department of SJCO. Plaintiff was a Bridge Division Manager, responsible for the bridges in San Joaquin County. Plaintiff was

born in Jordan, of Jordanian ancestry, Arab ethnicity, and Caucasian race.

13. Defendant Kris Balaji was appointed Director of SJCO's Public Works Department in 2015, coming from a private sector position. As Director, Defendant Balaji was Plaintiff's second level supervisor. Defendant Balaji was born in India, of Indian ancestry, and Asian race.

14. In 2017 Defendant Balaji advocated within SJCO for approval of two Engineering Services Manager ("ESM") positions; one to be responsible for bridges and one to be responsible for traffic/transportation. SJCO approved a single ESM position to cover both sets of responsibilities.

15. SJCO scheduled interviews to fill the new ESM position, to take place in November, 2017. There were only two interviewees - Plaintiff and SJCO employee Firoz Vohra. Mr. Vohra, like Defendant Balaji, was born in India, of Indian ancestry, and is Asian. Shortly before the scheduled interviews Mr. Vohra informed Plaintiff that Defendant Balaji had requested that Plaintiff withdraw from the interview so that Mr. Vohra could be appointed. Plaintiff refused and informed Mr. Vohra that he would compete for the position. When Plaintiff declined to withdraw, Defendant Balaji canceled the scheduled interviews.

16. The interviews were rescheduled and were conducted in February, 2018. Again, Plaintiff and Mr. Vohra were the only two interviewees. In a departure from the normal procedure, Defendant Balaji placed himself on the interview panel. The interview panel comprised Defendant Balaji, Mike Selling (Plaintiffs's immediate supervisor), Jim Stone (Deputy Director of Operations in Public Works), and Jennifer Goodman (Personnel Analyst). In the post-interview discussions, Defendant Balaji advocated for Mr. Vohra as the better candidate. The other three panel members advocated for Plaintiff as the better candidate. Plaintiff had more and broader relevant experience than Mr. Vohra. When he was unable to persuade the three panel members to endorse Mr. Vohra, Defendant Balaji changed his stated position and unilaterally deemed both candidates to be unqualified, leaving the ESM position unfilled.

17. The ESM position would have been a promotion for Plaintiff, providing an increase in salary, an incremental increase in responsibilities, and improved access to future promotions.

Denial of that promotion caused financial and emotional harm.

18. Defendants denied Plaintiff the promotion to ESM due to his race and/or color and/or National Origin.

19. Wherefore, Plaintiff seeks relief as prayed for in this Complaint.

## SECOND CAUSE OF ACTION
## HARASSMENT/HOSTILE WORK ENVIRONMENT
(42 U.S.C. § 1981)
(Against All Defendants)

20. Plaintiff incorporates the allegations of paragraphs 1 through 19 as if fully set forth herein.

21. After Plaintiff refused to cooperate with Defendants' attempt to engineer a discriminatory promotion, Defendant Balaji became overtly hostile towards Plaintiff. He repeatedly insulted and berated Plaintiff in the presence of colleagues, supervisors, the County Board of Supervisors, and third parties dealing with SJCO; he demanded that Plaintiff complete work in unrealistic time frames in the absence of any legitimate business need for haste; he screamed at Plaintiff about mistakes for which Plaintiff bore no responsibility; and he intentionally provided Plaintiff false information about what Plaintiff could do to obtain a promotion, then "moved the goalposts" after Plaintiff went to considerable effort to comply. Defendant Balaji treated Plaintiff this way due to his race and/or color and/or National Origin.

22. As a result of Defendant Balaji's hostile treatment, Plaintiff was left with no reasonable choice but to resign his position at SJCO, which he did on March 31, 2019. This resignation constituted a constructive termination of Plaintiff's employment.

23. Plaintiff suffered loss of income and benefits, and emotional harm, as result of this hostile work environment.

24. Wherefore, Plaintiff seeks relief as prayed for in this Complaint.

//

**THIRD CAUSE OF ACTION**
**HARASSMENT/HOSTILE WORK ENVIRONMENT**
(Gov. Code § 12940, *et. seq.*)
(Against All Defendants)

25. Plaintiff incorporates the allegations of paragraphs 1 through 24 as if fully set forth herein.

26. In addition to the illegal status-based harassment alleged above, Defendant Balaji created a hostile work environment based on Plaintiff's opposition to Defendant's attempt to engineer a discriminatory promotion as alleged above, and Plaintiff's age (Plaintiff was born in 1961). Defendant Balaji made frequent comments about "old" managers needing to be replaced with "young" managers, directed valuable training and experience to younger employees, and asked "older" managers when they were going to retire and/or suggested they retire. These comments and actions were directed at Plaintiff, done in his presence, and/or repeated to Plaintiff during his employment.

27. As a result of Defendant Balaji's hostile and retaliatory treatment, Plaintiff was left with no reasonable choice but to resign his position at SJCO, which he did on March 31, 2019. This resignation constituted a constructive termination of Plaintiff's employment.

28. Plaintiff suffered loss of income and benefits, and emotional harm, as result of this hostile work environment.

29. Wherefore, Plaintiff prays for relief as stated below.

**WHEREFORE**, Plaintiff prays for trial by jury on all claims and causes of action, and for the following relief:

1. General and special damages according to proof;

2. Economic damages comprising back pay, front pay, and lost benefits;

3. Damages for emotional distress;

4. All damages actually incurred and reasonably foreseeable;

5. Interest on all damages at the maximum rate and from the earliest date allowed;

6. Statutory attorney fees;

7. Costs of litigation;

      8. Equitable relief including, without limitation: an Order requiring Defendant to reinstate Plaintiff to his former employment in an appropriate position; an Order requiring Defendant to notify its employees of the outcome of this lawsuit; and an Order requiring Defendant to provide training to the managers and supervisors who are found to have violated Plaintiff's rights;

      9. Punitive damages against Defendant Kris Balaji; and

      10. Such further relief as is just, proper and equitable.

Dated:   February 13, 2020                        /S/ *George F. Allen*
                                                              George F. Allen
                                                              Attorney for Plaintiff
                                                              MAHMOUD SAQQA