**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAHMOUD SAQQA, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> COUNTY OF SAN JOAQUIN; KRIS BALAJI, <br><br> Defendants-Appellees. | No.   21-16617 <br><br> D.C. No. <br> 2:20-cv-00331-WBS-AC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted December 5, 2022
San Francisco, California

Before:  LUCERO,[**] BRESS, and VANDYKE, Circuit Judges.

Plaintiff-Appellant Mahmoud Saqqa appeals the district court's decision granting summary judgment in favor of Defendants-Appellees San Joaquin County and Kris Balaji.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Saqqa is a Jordanian-born, Caucasian engineer who worked in the County's Department of Public Works. Throughout Saqqa's tenure, the County's Director of Public Works, Kris Balaji, repeatedly criticized Saqqa and made harsh remarks. When Saqqa and another engineer sought the same promotion, neither was awarded the position. After resigning in 2019, Saqqa brought against the County and Balaji a 42 U.S.C. § 1981 race discrimination claim based on the defendants' failure to promote him, and an age-based harassment claim under California's Fair Employment and Housing Act (FEHA). The district court granted summary judgment in favor of the defendants on all claims.

We review de novo. *Ariz. Dream Act Coal. v. Brewer*, 855 F.3d 957, 965 (9th Cir. 2017). Summary judgment is appropriate if there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56. When determining whether a genuine dispute exists, the court views the facts in the light most favorable to the non-moving party. *Santillan v. USA Waste of Cal., Inc.*, 853 F.3d 1035, 1042 (9th Cir. 2017).

The district court did not err in granting summary judgment on the § 1981 race discrimination claim because Saqqa failed to establish a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Generally, in failure-to-promote cases, a plaintiff must establish a prima facie case of race discrimination by satisfying the following elements: (1) the plaintiff belongs to a protected class; (2) he applied for and was qualified for the promotion; (3) despite

his qualifications, he was rejected; and (4) the position was filled by someone outside the plaintiff's class, or alternatively, after rejecting the plaintiff, the employer continued to seek other applicants with comparable qualifications. *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005) (citing *McDonnell Douglas*, 411 U.S. at 802); *Lyons v. England*, 307 F.3d 1092, 1112 (9th Cir. 2002). It is undisputed that Saqqa satisfied the first three elements, and that he cannot meet the fourth element as traditionally applied because the County did not continue its search or consider other candidates, and the position was subsequently eliminated without anyone ever filling the role.

Instead, Saqqa argues this court should either not apply the *McDonnell Douglas* framework or interpret the fourth element of the test in a more expansive way. *See Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678 (9th Cir. 2017). He relies on the version of the fourth element laid out in *Peterson v. Hewlett-Packard Co.*, which allows the plaintiff to show that "similarly situated individuals … were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." 358 F.3d 599, 603 (9th Cir. 2004). Assuming without deciding that Saqqa's proposed test is appropriate, he still cannot prevail. Saqqa has presented no evidence that an employee of another race was treated more favorably with respect to the promotion he sought. Nothing in the record gives rise to an inference of racial discrimination.

Nor did the district court err in granting summary judgment on Saqqa's FEHA age-based harassment claim, because the harassment was not "sufficiently severe or pervasive." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). To establish a prima facie case of a hostile work environment under FEHA, a plaintiff must show: (1) he belongs to a protected class; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his protected status; (4) the harassment unreasonably interfered with plaintiff's work performance by creating a hostile, intimidating, or offensive environment; and (5) the defendants are liable for the harassment. *Ortiz v. Dameron Hosp. Ass'n*, 250 Cal. Rptr. 3d 1, 12 (Cal. Ct. App. 2019). Language that is merely annoying or offensive is not actionable, *Harris*, 510 U.S. at 23, because "[n]ot every insult or harassing comment will constitute a hostile work environment." *Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. 2000).

California courts weigh the following factors to determine whether harassment is sufficiently severe or pervasive: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Cornell v. Berkeley Tennis Club*, 227 Cal. Rptr. 3d 286, 311 (Cal. Ct. App. 2017) (quotation omitted). Here, Saqqa describes a total of four age-related remarks from Balaji. Only one was directed at Saqqa specifically. While offensive comments may be "hurtful," "[f]our comments over several months does not

4

establish a pattern of routine harassment creating a hostile work environment, particularly given that the comments were not extreme." *Id.* Here, Saqqa presents four comments over the course of multiple years. And because three of the four comments were not directed at Saqqa, the "severity" of the harassment is lower. Without more, Saqqa has not presented evidence of "sufficiently severe or pervasive" conduct.

Finally, while Saqqa also argues that the district court did not consider the "totality of the circumstances," it would be improper for this court to attribute "the entire record of Balaji's demeaning tirades" to age-related bias, since Saqqa fails to present a "nexus" between his protected status and Balaji's outbursts about his job performance. *See Ortiz*, 250 Cal. Rptr. 3d at 11–12 (explaining there must be a "nexus" between an employee's protected status and the supervisor's conduct under the third element of the FEHA prima facie case).

**AFFIRMED.**